**NOT FOR PUBLICATION**

JAN 07 2016

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANET HUGHLEY, | No. 13-36069 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-2233-RSM |
| v. | |
| CAROLYN W. COLVIN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Western Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted December 08, 2015**
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges and GLEASON,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sharon L. Gleason, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

Janet Hughley appeals the district court's order affirming the Commissioner of Social Security's denial of her application for disability benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Hughley argues that the Administrative Law Judge ("ALJ") did not give sufficient reasons for finding that she was not credible. But the ALJ provided "specific, clear and convincing reasons" that were supported by substantial evidence for why Hughley was not credible. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Mainly, the ALJ found that Hughley's testimony conflicted with her self-reported activities and the objective medical evidence, and that Hughley minimized her activities in her hearing testimony. These reasons amply support the ALJ's credibility determination. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

**2.** Hughley contends that the ALJ erred by discounting an examining physician's opinion; she also argues that the ALJ should have discussed other objective medical evidence found in the doctors' reports, namely positive straight leg raises and tenderness in her lower back. But the ALJ gave "specific, legitimate reasons for [discounting the physician's opinion] that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 956–57 (9th Cir. 2002)) (internal

2

quotation marks omitted).  The ALJ noted that the examining physician's opinion conflicted with the examining physician's notes from the examination, objective medical evidence, and Hughley's treatment record. A conflict between an examining physician's opinion and the examining physician's notes or other medical evidence is an appropriate, specific basis on which to discount the opinion. *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).  And the ALJ was not required to discuss every symptom in the medical record, especially where, as here, the ALJ provided an in-depth discussion of the reports that identified the symptoms.  *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003); *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam).

**3.**  Hughley asserts that the ALJ failed to sufficiently develop the record. The ALJ has a duty to further develop the record only if the evidence is ambiguous or inadequate to allow him to make a decision. *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).  Here, the evidence was not ambiguous.  The voluminous medical reports contained sufficient documentation of Hughley's symptoms, and Hughley made it very clear that she considered her lower-back pain to be an impediment to walking or standing for long periods of time.

**AFFIRMED.**

3